UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-61538-CIV-MORENO/SELTZER

LUIS SIERRA, individually and on
behalf of all others similarly situated,

    Plaintiff,

vs.

HOLLYWOOD ALL SUITE, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on referral [DE 26] from the District Court for appropriate disposition of all pretrial matters. Defendant has filed a Motion for Protective Order as to Rule 34 Request for Inspection [DE 20].

This is an action for an alleged violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. (the "ADA"), in which Plaintiff alleges that Defendant's reservation website failed to describe with particularity the accessibility features available at the hotel so as to prevent Plaintiff from being able to independently ascertain whether the hotel and its guest rooms met his accessibility needs [DE 1]. Plaintiff has served a Rule 34 Request for Inspection that seeks inspection of all areas of Defendant's premises that constitute a public place of accommodation, including but not limited to accessible guest rooms. The Rule 34 request does not, however, specify the manner of the inspection [DE 20-1].

Defendant seeks a protective order prohibiting the inspection from taking place. Defendant argues that Plaintiff lacks standing to challenge, or inspect, the accessability

features of the premises because he never visited Defendant's location.  In that the Complaint is limited to the adequacy of Defendant's online reservation system, Defendant argues that Plaintiff is barred from inspecting barriers to access that he did not encounter.

It is well-established that Rule 34 inspections in ADA cases are limited to the specific barriers alleged in the complaint.  Harty v. SRA/Palm Trails Plaza, LLC, 755 F. Supp. 2d 1215, 1217 (S.D. Fla. 2010); Marcort v. Goodwill Industries-Manasota, Inc., 220 F.R.D. 377 (M.D. Fla. 2003).  However, the Court disagrees with Defendant's assertion that the accessability features of Defendant's premises have no bearing on Plaintiff's Complaint.  To the contrary, Plaintiff is entitled to determine what accessability features Defendant's property contains.  Indeed, that information is highly relevant to the issue of whether Defendant's website contained adequate descriptions of the accessibility features.  Accordingly, the Court will permit an inspection of the public areas of Defendant's property.

The Court is concerned, however, that Plaintiff's Rule 34 Request for Inspection does not in any way describe the manner in which the inspection is to take place, as required by Rule 34(b)(1)(B).  To the extent that the Request does not limit the manner or scope of the inspection, Defendant's relevancy concerns are well-taken.   In order to remain within the bounds of relevancy and proportionality prescribed by Fed. R. Civ. P. 26(b)(1), the inspection of Defendant's property will be limited to a visual inventory of accessability features in the property's public areas and guest rooms.  No measurements or physical testing will be permitted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Protective Order is **DENIED**. Plaintiff shall be permitted to conduct a visual inventory of the accessibility features of the public areas and guest rooms on Defendant's property. No measurements or physical testing will be permitted.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 6th day of November 2018.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF